**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000373
20-JUN-2018
08:08 AM**

NO. CAAP-17-0000373

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LEON R. ROUSE, Plaintiff-Appellant, v.
ANDREW R. WALDEN, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0995)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Chan, JJ.)

This appeal arises from a suit for defamation initiated by Plaintiff-Appellant Leon R. Rouse against Defendant-Appellee Andrew R. Walden concerning Walden's statements referring to Rouse as a "[c]onvicted child molester" in a November 8, 2013 update of a Hawaiʻi Free Press article ("Article"). Rouse, *pro se*, appeals from the Final Judgment entered by the Circuit Court of the First Circuit ("Circuit Court")[1] on April 11, 2017, which states that it is based upon the Order Granting Defendant Andrew R. Walden's Motion for Partial Summary Judgment on Defamation and False-Light Invasion of Privacy Claims in Plaintiff's Second Amended Complaint Filed December 18, 2015 ("Order Granting MPSJ") entered by the Circuit Court on February 10, 2017.[2]

On appeal, Rouse contends that the Circuit Court erred in entering the Order Granting MPSJ and Final Judgment because

---

[1] The Honorable Edwin C. Nacino presided.

[2] Rouse's appeal from the Final Judgment entitles him to appellate review of all interlocutory orders in the case, including the Order Granting MPSJ, regardless of whether he referred to them in his notice of appeal. *Ueoka v. Szymanski*, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005).

(1) genuine issues of material fact exist as to the veracity of the statement that Rouse is a "convicted child molester" and (2) it did not review the evidence in the light most favorable to Rouse, the non-moving party.[3/] Rouse concedes that he was convicted in January 1998 of violating the Child Abuse Law in the Philippines after he was discovered with an unrelated minor naked in his hotel room, that his conviction was affirmed by the Philippines Court of Appeal and subsequently by the Philippines Supreme Court, and that he served eight years in New Bilibid Prison in Muntinlupa City upon his conviction. Rouse argues, however, that because a July 2005 report issued by the United Nations Human Rights Committee under the optional protocol to the International Covenant on Civil and Political Rights ("ICCPR"), entitled "Views under article 5, paragraph 4, of the Optional Protocol," ("U.N. Committee Report") concerning Rouse's conviction in the Philippines courts concluded that "the facts before it disclose a violation of articles 14, paragraphs 1 and 3(c) and (e); 9, paragraph 1; and 7 of the [ICCPR]," there were genuine issues of material fact as to whether Rouse was a "convicted child molester."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we address Rouse's points of error as follows and affirm:

(1) We review the Circuit Court's grant of Walden's MPSJ *de novo*. *Querubin v. Thronas*, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)). The moving party, who "bears the ultimate burden of persuasion" throughout summary judgment proceedings, also carries the initial burden of production. *Stanford Carr Dev. Corp. v. Unity House Inc.*, 111 Hawai'i 286, 295-96, 141 P.3d 459, 468-69 (2006) (quoting *French v. Haw. Pizza Hut, Inc.*, 105 Hawai'i 462, 470, 99 P.3d 1046, 1054

---

[3/] In both his memorandum in opposition to the motion for partial summary judgment and again at the hearing on the motion, Rouse explained that he was not raising a "false light" claim against Walden, despite the allegations in paragraph 8 of the second amended complaint. Therefore, we understand Rouse to allege a single cause of action for defamation.

(2004)). "Once the movant has satisfied the initial burden of showing that there is no genuine issue of material fact, the opposing party must come forward, through affidavit or other evidence, with specific facts showing that there is a genuine issue of material fact." *Miller v. Manuel*, 9 Haw. App. 56, 65, 828 P.2d 286, 292 (1991) (citing *K.M. Young & Assoc., Inc. v. Cieslik*, 4 Haw. App. 657, 675 P.2d 793 (1983)). If the non-moving party fails to meet its responsive burden, the moving party is entitled to summary judgment as a matter of law. *Id*. at 66, 828 P.2d at 292 (citations omitted); Haw. R. Civ. P. 56(e).

In order to sustain a claim for defamation, a plaintiff must establish the following four elements: (1) "a false and defamatory statement concerning another;" (2) "an unprivileged publication to a third party;" (3) "fault amounting at least to negligence on the part of the publisher [actual malice where the plaintiff is a public figure];" and (4) "either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Nakamoto v. Kawauchi*, ___ Hawaiʻi ___, ___, ___ P.3d ___, ___ (2018), No. SCWC-13-0004947, 2018 WL 2111228, at *10 (Haw. May 8, 2018) (quoting *Beamer v. Nishiki*, 66 Haw. 572, 578-79, 670 P.2d 1264, 1271 (1983)). "[T]ruth is an absolute defense to defamation claims." *Id*. at ___, ___ P.3d at ___, 2018 WL 2111228 at *14 (citing *Kohn v. W. Hawaiʻi Today, Inc.*, 65 Haw. 584, 590, 656 P.2d 79, 84 (1982)). "'[S]ubstantial truth[, however,] is a matter for the jury to decide." *Id*. (citing *Kohn*, 65 Haw. at 590, 656 P.2d at 84.

In the MPSJ, Walden provided the Circuit Court with a certified copy of the Decision of the Philippine Court of Appeals in case CA-G.R. CR No. 21714, dated August 18, 1999 ("Appellate Court Decision") to support the truthfulness of his statements regarding Rouse's conviction in the Philippines. The Appellate Court Decision included an excerpt of the January 12, 1998 decision by the Regional Trial Court of Laoag City ("Trial Court Decision") that declared Rouse guilty beyond reasonable doubt in violation of Article III, Section 5, paragraph "b" of R.A. No. 7610, otherwise known as the Child Abuse Act. "[Rouse was]

sentenced to serve an indeterminate penalty of TEN (10) YEARS, TWO (2) MONTHS AND TWENTY-ONE (21) DAYS of <u>prison mayor</u>, as minimum, to SEVENTEEN (17) YEARS, FOUR (4) MONTHS AND ONE (1) DAY of <u>reclusion temporal</u> as the maximum thereof." The Appellate Court Decision affirmed the Trial Court Decision, affirmatively answering the principal question of "whether or not the prosecution had established the guilt of [Rouse] beyond a reasonable doubt."

Opposing the motion, Rouse urged the Circuit Court to deny the MPSJ on the basis that the U.N. Committee Report created a genuine issue of material fact as to the allegedly defamatory statements in the Article because the ICCPR "grants the authority to the United Nations Human Rights Committee to review for veracity and conformity to the [ICCPR] any legal proceeding of a member country, upon appeal." In addition to referencing the U.N. Committee Report which was attached as an exhibit to his complaint, Rouse attached the following documents to his opposition: (1) seven of the twenty-one pages of a United States Department of State Philippines Country Report on Human Rights Practices for 1998; (2) a copy of an opinion piece authored by Rouse for The Maui News newspaper entitled "Fontaine has to learn facts before passing judgment"; (3) a December 12, 2010 Hawaiʻi Free Press article entitled "Hawaii Legislators' favorite child molester claims he is the victim"; (4) an August 9, 2005 article by B.J. Reyes of the Honolulu Star Bulletin entitled "Man had an unfair trial, U.N. rules"; and (5) an August 7, 2005 article by Derrick DePledge of the Honolulu Advertiser entitled "Ex-House aide gets favorable ruling".

At the hearing on the MPSJ, Rouse acknowledged that he does not dispute the Philippine government's ability to prosecute and convict him:

> MR. ROUSE: . . . I do not oppose the fact that the Philippine Government has a right to do whatever they decide in the Philippines, okay.
>
> . . . .
>
> THE COURT: You're not opposing what [Walden] reported in terms of what occurred in the Philippines, correct? I mean that's --
>
> MR. ROUSE: Correct.

> THE COURT: -- that's what he reported accurately because that's part of the records and files in the country of the Philippines.
>
> MR. ROUSE: Correct.

Rouse argued, however, that the U.N. Committee Report refuted his conviction and presented a genuine issue of material fact as to the veracity of Walden's statements in the Article. Similarly, Rouse asserts in this appeal that "the [Circuit] Court was presented with contradictory reports from two different sources, the Philippine Court of Appeals and the U.N. Committee" and that the U.N. Committee Report "establishes genuine issues of opposing material facts which require adjudication by a jury."

Although the question is one of first impression in Hawaiʻi, other state and federal courts have declined to recognize ICCPR decisions as binding or as mandating any remedy. "The United States is not obligated to provide relief for alleged violations of the ICCPR committed by other nations." *U.S. v. Duarte-Acero*, 296 F.3d 1277, 1283 (11th Cir. 2002).

> Furthermore, *the ICCPR does not create judicially-enforceable individual rights.* Treaties affect United States law only if they are self-executing or otherwise given effect by congressional legislation. *Whitney v. Robertson*, 124 U.S. 190[, 194] (1888); *United States v. Postal*, 589 F.2d 862, 875 (5th Cir. 1979). Articles 1 through 27 of the ICCPR are not self-executing. [*U.S. v.*] *Duarte-Acero*, 208 F.3d [1282, ]1284 n.8; 138 Cong. Rec. S4783-84 (daily ed. Apr. 2, 1992) ("[T]he United States declares that the provisions of Articles 1 through 27 of the ICCPR are not self-executing."). Nor has Congress passed implementing legislation. [*U.S. ex rel. *]*Perez*[ *v. Warden, FMC Rochester*], 286 F.3d [1059, ]1063[ (8th Cir. 2002)]; *Buell*[ *v. Mitchell*], 274 F.3d [337, ]372 [(6th Cir. 2001)]. Therefore, *the ICCPR is not binding on federal courts.*

*Duarte-Acero*, 296 F.3d at 1283 (emphasis added, some citations omitted).

Following *Duarte-Acero*, state courts have refused to hold that alleged violations of the ICCPR mandate remedies in United States courts. *See, e.g.*, *Baird v. State*, 831 N.E.2d 109, 115 (Ind. 2005) (holding that defendant sentenced to death could not show a reasonable probability of success on the merits of his international law claim because the ICCPR did not create obligations enforceable in United States courts); *Simmons v. Commonwealth*, 191 S.W.3d 557, 567 (Ky. 2006) (holding that death

sentence did not violate Article 6 of the ICCPR because the ICCPR is not binding on courts in the United States and does not require States-Parties to abolish the death penalty); *Commonwealth v. Judge*, 916 A.2d 511, 526-27 (Pa. 2007) (holding that neither the decisions of the Human Rights Committee, nor the ICCPR, mandated that the court consider the merits of defendant's claim that Canada violated Article 6 of the ICCPR by deporting him to a death sentence in the United States because the ICCPR is not a self-executing treaty and Congress has not passed implementing legislation). Thus, the U.N. Committee Report's finding of the Philippines' violations of the ICCPR, although reflecting a third party's view on the legitimacy of Rouse's conviction under international law, does not raise an issue of "substantial truth" because it does not overturn or otherwise alter the fact of Rouse's conviction in the Philippines. Furthermore, since Rouse does not contest the reasonableness of equating a conviction under the Child Abuse Law and having been convicted of child molestation, and because the ICCPR does not create judicially-enforceable rights, *Duarte-Acero*, 296 F.3d at 1283, the Circuit Court correctly concluded that the U.N. Committee Report did not affect the fact of Rouse's conviction.

The Circuit Court, therefore, appropriately entered the Order Granting MPSJ and Final Judgment on the basis that Walden's statements in the Article were true because Walden provided a certified copy of the Appellate Court Decision affirming Rouse's conviction and the U.N. Committee Report has no effect on the conviction. *See Lucas v. Citizens Communications Co.*, No. 05-17423, 2007 WL 1853302, at *3 (9th Cir. 2007) (holding that summary judgment in favor of defendant was proper where plaintiff "himself admitted that he charged people more than the set maximum price, and truth is an absolute defense to defamation." (citing *Gonsalves v. Nissan Motor Corp. in Haw.*, 100 Hawaiʻi 149, 173, 58 P.3d 1196, 1220 (2002)) (internal quotation marks, and brackets omitted)). Further, Rouse himself did not dispute the Philippine government's authority to prosecute and sustain his conviction in the Philippines. Accordingly, Rouse's first point of error is without merit.

6

(2) We construe Rouse's second point of error to assert that the Circuit Court erred in entering the Order Granting MPSJ and Final Judgment because it failed to consider the evidence in the light most favorable to Rouse when it "resolved the disagreements between the Philippine Court of Appeals and the U.N. Committee in [Walden's] favor." In adjudicating a motion for summary judgment, "[t]he evidence must be viewed in the light most favorable to the non-moving party. In other words, [this court] must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion." *Querubin*, 107 Hawaiʻi at 56, 109 P.3d at 697 (quotation marks and citation omitted).

There is no disagreement between the Philippine Court of Appeals and the U.N. Committee as to the central issue of this case, which is whether Rouse was convicted of violating the Child Abuse Law. The record is devoid of any indication that the Circuit Court failed to view the evidence related to the fact of Rouse's conviction in a light most favorable to Rouse because there is no evidence subject to conflicting inferences. Even if we were to conclude that the U.N. Committee report warranted the inference that Rouse's conviction was illegitimate under international law, it would not change the fact that Rouse was convicted and that his conviction has not been reversed or vacated. Accordingly, Rouse's second point of error is without merit.

Therefore, the February 10, 2017 Order Granting MPSJ and the April 11, 2017 Final Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, June 20, 2018.

On the briefs:

Leon R. Rouse,
Pro Se Plaintiff-Appellant.

James Hochberg
(James Hochberg, AAL, LLLC)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7